**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
(HOUSTON DIVISION)**

| | |
|---|---|
| In re:<br><br>SUNNOVA ENERGY INTERNATIONAL INC., et al.,[1]<br><br>        Debtors,<br><br><br>ERIK WEATHERWAX, on behalf of himself and all others similarly situated,<br><br>        Plaintiff,<br><br>    v.<br><br>SUNNOVA ENERGY INTERNATIONAL INC, et al.,[2]<br><br>        Defendants. | **Chapter 11**<br>**Bankruptcy Case No. 25-90160 (ARP)**<br>**Jointly Administered**<br><br><br><br><br>**Adv. Pro. No.** _____ |

**CLASS ACTION ADVERSARY PROCEEDING COMPLAINT
FOR VIOLATION OF WARN ACT 29 U.S.C. § 2101, ET SEQ.**

Plaintiff Erik Weatherwax ("Plaintiff") alleges on behalf of himself and a putative class of similarly situated former employees of Defendants Sunnova Energy International Inc. and its affiliated Debtors (together, the "Defendants"), by way of this Class Action Adversary Proceeding Complaint against Defendants, as follows:

**NATURE OF THE ACTION**

1.      Plaintiff brings this action individually and on behalf of other similarly situated former employees who worked for Defendants and who were terminated without cause as part of,

---

[1,2] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/Sunnova.  The location of Debtor Sunnova Energy International Inc.'s corporate headquarters and the Debtors' service address in these chapter 11 cases is 20 East Greenway Plaza, Suite 540, Houston, Texas 77046.

or as the result of, mass layoffs or a plant closing ordered by Defendants beginning on or about May 30, 2025, who were not provided 60 days advance written notice of their terminations by Defendants, as required by the Worker Adjustment and Retraining Notification Act, 29 U.S.C. § 2101 *et seq.*, (the "WARN Act").

2.      Plaintiff was terminated along with approximately 720 similarly situated employees as part of, or as the foreseeable result of mass layoffs or a plant shutdown ordered by Defendants.  These terminations failed to give Plaintiff and the similarly situated employees of Defendants at least 60 days' advance notice of termination, as required by the WARN Acts.  As a consequence of the violation, Plaintiff and the similarly situated employees of Defendants seek their statutory remedies, pursuant to 29 U.S.C. § 2104.

3.      Plaintiff and the putative class members were terminated pre-petition and accordingly, Plaintiff's claims, as well as the claims of all similarly situated employees, are entitled to wage priority claim, under 11 U.S.C. § 507(a)(4) and (5) or alternatively administrative priority status pursuant to the United States Bankruptcy Code § 503 (b)(1)(A).

**JURISDICTION AND VENUE**

4.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1334 and 29 U.S.C. § 2104(a)(5).

5.      This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B) and (O).

6.      Venue is proper in this District pursuant to 28 U.S.C. § 1409 and 29 U.S.C. § 2104(a)(5).

## THE PARTIES

### *Plaintiff*

7. Plaintiff was employed by Defendants as a Senior Full-Stack Engineer II at Defendants' facility located at 20 Greenway Plaza #540 Houston, Texas (the "Facility") from October 2023 until his termination on or about May 30, 2025.

8. Plaintiff is a resident of the state of New York.

9. On or about May 30, 2025, Defendants terminated Plaintiff's employment, effective immediately.

10. Plaintiff did not receive any written notice prior to May 30, 2025, that he would be terminated.

11. Along with Plaintiff, an estimated 720 other employees of Defendants who worked at, reported to, or received assignments from the Facility terminated on or about May 30, 2025, without 60 days' advance written notice.

### *Defendants*

12. Upon information and belief and at all relevant times, Defendants operate a business in the solar energy industry under the umbrella name of "Sunnova Energy."

13. On June 8, 2025 (the "Petition Date"), Defendants each filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.  Joint administration of the Debtors' bankruptcy cases was ordered by the Court on June 9, 2025 (Bankr. No. 25-90160, ECF 19).

14. The Debtor-Defendants are sued under the federal WARN Act.

## FEDERAL WARN CLASS ALLEGATIONS

15. Plaintiff brings a Claim for Relief for violation of 29 U.S.C. § 2101 *et seq.*, individually and on behalf of all other similarly situated former employees, pursuant to 29 U.S.C. § 2104(a)(5) and Federal Rules of Civil Procedure, Rule 23(a) and (b), who worked at, reported to

or received assignments from Defendants' Facility and were terminated without cause on or about May 30, 2025 and within 30 days of that date, or were terminated without cause as the reasonably foreseeable consequence of the mass layoffs and/or plant closing ordered by Defendants on or about May 30, 2025 and who are affected employees, within the meaning of 29 U.S.C. § 2101(a)(5) (the "WARN Class").

16.     The persons in the WARN Class identified above ("WARN Class Members") are so numerous that joinder of all members is impracticable.  Although the precise number of such persons is unknown, it is estimated at about 720 individuals.  On information and belief, the facts on which the calculation of that number can be based are presently within the sole control of Defendants.

17.     On information and belief, the identity of the members of the class and the recent residence address of each of the WARN Class Members is contained in Defendants' books and records.

18.     On information and belief, the rate of pay and benefits that were being paid by Defendants to each WARN Class Member at the time of his/her termination is contained in the books and records of Defendants.

19.     Common questions of law and fact exist as to members of the WARN Class, including, but not limited to, the following:

(a) whether the members of the WARN Class were employees of Defendants who worked at, reported to, or received assignments from Defendants' Facility;

(b) whether Defendants unlawfully terminated the employment of the members of the WARN Class without cause on their part and without giving them 60 days advance written notice in violation of the WARN Act; and

(c) whether Defendants unlawfully failed to pay the WARN Class members 60 days wages and benefits as required by the WARN Act.

4

20.     Plaintiff's claims are typical of those of the WARN Class. Plaintiff, like other WARN Class members, worked at, reported to, or received assignments from Defendants' Facility and was terminated without cause on or about May 30, 2025, due to the mass layoffs and/or plant closing ordered by Defendants.

21.     At all relevant times, Defendants were an "employer," as that term is defined in 29 U.S.C. § 2101 (a)(1) and 20 C.F.R. § 639(a) and continued to operate as a business until Defendants decided to order the mass layoffs or plant closing at the Facility.

22.     Plaintiff will fairly and adequately protect the interests of the WARN Class. Plaintiff has retained counsel competent and experienced in complex class actions, including the WARN Act and employment litigation.

23.     Class certification of these claims is appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the WARN Class predominate over questions affecting only individual members of the WARN Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of WARN Act litigation, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate defendants, and damages suffered by individual WARN Class members are small compared to the expense and burden of individual prosecution of this litigation.

24.     Concentrating all the potential litigation concerning the WARN Act rights of the members of the Class in this Court will obviate the need for unduly duplicative litigation that might result in inconsistent judgments, will conserve the judicial resources and the resources of the parties and is the most efficient means of resolving the WARN Act rights of all the members of the Class.

25. Plaintiff intends to send notice to all members of the WARN Class to the extent required by Rule 23.

## CLAIM FOR RELIEF

### Violation of the WARN Act, 29 U.S.C. § 2104

26. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

27. At all relevant times, Defendants employed more than 100 employees who in the aggregate worked at least 4,000 hours per week, exclusive of hours of overtime, within the United States.

28. At all relevant times, Defendants were an "employer," as that term is defined in 29 U.S.C. § 2101 (a)(1) and 20 C.F.R. § 639(a) and continued to operate as a business until they decided to order the mass layoffs or plant closing at the Facility.

29. At all relevant times, Plaintiff and the other similarly situated former employees were employees of Defendants as that term is defined by 29 U.S.C. § 2101.

30. On or about May 30, 2025, Defendants ordered mass layoffs or a plant closing at the Facility, as that term is defined by 29 U.S.C. § 210l(a)(2).

31. The mass layoffs or plant closing at the Facility resulted in "employment losses," as that term is defined by 29 U.S.C. § 2101(a)(2) for at least fifty of Defendants' employees as well as thirty-three percent of Defendants' workforce at each Facility, excluding "part-time employees," as that term is defined by 29 U.S.C. § 2l01(a)(8).

32. Plaintiff and the Class Members were terminated by Defendants without cause on their part, as part of or as the reasonably foreseeable consequence of the mass layoffs or plant closing ordered by Defendants at the Facility.

33. Plaintiff and the Class Members are "affected employees" of Defendants, within the meaning of 29 U.S.C. § 2101(a)(5).

34. Defendants were required by the WARN Act to give Plaintiff and the Class Members at least 60 days advance written notice of their terminations.

35. Defendants failed to give Plaintiff and the Class members written notice that complied with the requirements of the WARN Act.

36. Plaintiff and each of the Class Members are "aggrieved employees" of the Defendants as that term is defined in 29 U.S.C. § 2104(a)(7).

37. Defendants failed to pay Plaintiff and each of the Class Members their respective wages, salary, commissions, bonuses, health and life insurance premiums, accrued holiday pay and accrued vacation for 60 days following their respective terminations, and failed to provide employee benefits including health insurance, for 60 days from and after the dates of their respective terminations.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all other similarly situated persons, prays for the following relief as against Defendants:

A. Certification of this action as a class action;

B. Designation of Plaintiff as Class Representative;

C. Appointment of the undersigned attorneys as Class Counsel;

D. A judgment in favor of Plaintiff and the other similarly situated former employees equal to the sum of: their unpaid wages for the 60 days, that would have been covered and paid for that period, all determined in accordance with the WARN Act, 29 U.S.C. § 2104 (a)(1)(A);

E.      Treatment of all damage claims as priority wages pursuant to 11 U.S.C.

§ 507(a)(4) or (5) and the remainder as a general unsecured claim, or alternatively

as an administrative expense pursuant to 11 U.S.C. § 503(b)(l)(A);

F.      Reasonable attorneys' fees and the costs and disbursements that Plaintiff will incur

in prosecuting this action, as authorized by the federal WARN Act, 29 U.S.C.

§ 2104(a)(6);

G.      Interest as allowed by law on the amounts owed under the preceding paragraphs;

and

H.      Such other and further relief as this Court may deem just and proper.

Dated: June 16, 2025

Respectfully submitted,

By:     /s/ *Walter J. Cicack*
        Walter J. Cicack
        Texas Bar No. 04250535
        wcicack@hcgllp.com
        HAWASH CICACK & GASTON LLP
        711 W. Alabama St., Suite 200
        Houston, Texas 77006
        (713) 658-9015 – tel/fax

        Jack A. Raisner (*pro hac vice* forthcoming)
        René S. Roupinian (*pro hac vice* forthcoming)
        **RAISNER ROUPINIAN LLP**
        270 Madison Avenue, Suite 1801
        New York, New York 10016
        Telephone: (212) 221-1747
        Facsimile: (212) 221-1747
        Email: rsr@raisnerroupinian.com
        Email: jar@raisnerroupinian.com

        *Attorneys for the Plaintiff and the putative class*