IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
(HOUSTON DIVISION)

| | |
|---|---|
| In re:<br><br>SUNNOVA ENERGY INTERNATIONAL INC., et al.,[1]<br>                  Debtors,<br>_____<br><br>ERIK WEATHERWAX, on behalf of himself and all others similarly situated,<br>                  Plaintiff,<br><br>      v.<br><br>SUNNOVA ENERGY INTERNATIONAL INC, et al.,[2]<br><br>                  Defendants. | **Chapter 11**<br>**Bankruptcy Case No. 25-90160 (ARP)**<br>**Jointly Administered**<br><br><br><br><br><br>**Adv. Pro. No.  25-03423 (ARP)** |

## MOTION[3] FOR LEAVE TO FILE FIRST AMENDED COMPLAINT

> **This motion seeks an order that may adversely affect you. If you oppose the motion, you should immediately contact the moving party to resolve the dispute. If you and the moving party cannot agree, you must file a response and send a copy to the moving party. You must file and serve your response within 21 days of the date this was served on you. Your response must state why the motion should not be granted. If you do not file a timely response, the relief may be granted without further notice to you. If you oppose the motion and have not reached an agreement, you must attend the hearing.**

---

[1,2] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/Sunnova.  The location of Debtor Sunnova Energy International Inc.'s corporate headquarters and the Debtors' service address in these chapter 11 cases is 20 East Greenway Plaza, Suite 540, Houston, Texas 77046.

[3] Although the parties had initial discussions concerning the relief sought herein, and Plaintiff is hopeful that the Motion can be resolved consensually, Plaintiff files it in consideration of time-sensitive matters in the main case.

> **Unless the parties agree otherwise, the court may consider evidence at the hearing and may decide the motion at the hearing. Represented parties should act through their attorney.**

Plaintiff Erik Weatherwax ("Plaintiff"), by and through his counsel, hereby requests leave to file a First Amended Complaint ("FAC") to (1) re-state certain claims from the original Complaint as breach of contract claims and (2) add named plaintiffs to represent case management sub-classes on the claims, in light of developments since the commencement of this action. This request is made pursuant to Federal Rule of Civil Procedure 15, which is applicable to adversary proceedings pursuant to Bankruptcy Rule 7015. In support thereof, Plaintiff submits as follows:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1334, 1367 and 29 U.S.C. § 2104(a)(5) and the *Amended Standing Order of Reference from the United States District Court for the Southern District of Texas*, dated May 24, 2012 (the "Amended Standing Order").

2. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b).

3. Venue is proper pursuant to 28 U.S.C. § 1408.

4. The statutory bases for the relief requested herein are Federal Rule of Bankruptcy Procedure 7015 which incorporates by reference Federal Rule of Civil Procedure 15(a)(2).

## RELEVANT BACKGROUND

5. Plaintiff filed his adversary proceeding complaint on June 16, 2025, asserting WARN Act claims on behalf of himself and similarly situated former employees of Defendant Sunnova Energy International Inc., and its related affiliates ("Defendants"). (Adv. ECF 1). The claims arise from Defendants' failure to provide advance notice before terminating these

2

employees *en masse* beginning on May 30, 2025.

6.  As relevant to this motion, Defendants have offered release agreements ("RA") to the putative class of employees for whom Plaintiff Weatherwax brought this action.

7.  The RA releases claims against Defendants in exchange for the higher of severance or WARN; severance, meaning under Defendants' Severance Pay Plan, and WARN, the amounts that "may be owed" under the statute. (Adv. ECF 30-1).[4]

8.  As relevant to this Motion, Defendants determined that approximately 185[5] employees who signed the RA were not owed anything under WARN. As such, they received only the severance amounts.[6]

9.  Approximately 13 employees did not sign the RA. (Adv. ECF 30).

10. Plaintiff moved for class certification on July 25, 2025. (Adv. ECF 12).

11. Defendants opposed class certification, arguing, *inter alia*, that the 185 employees who signed the RA had released their WARN claims in the RA. (Adv. ECF 29).

12. The Court denied class certification on October 28, 2025. (Adv. ECF 40). As relevant to this Motion, the Court held that the RA was enforceable and if the 185 employees asserted that they were, in fact, entitled to WARN damages, their "proper remedy would be to bring a breach of contract claim under the RA." (Adv. ECF 40 at 9). However, "breach of contract claims…[were] not before the Court." (Adv. ECF 40 at 12 n.47). The Court therefore excluded these 185 employees from consideration as putative class members, leaving only the 13 employees

---

[4] Approximately 650 employees who signed the RA have been paid amounts which correspond to 60 days' wages and benefits. Plaintiff no longer seeks to pursue claims on their behalf.
[5] Plaintiff originally estimated this number of employees to be 200. Based on Plaintiff's continued investigation, Plaintiff estimates the number to be approximately 185.
[6] As alleged in the FAC, the WARN damages for nearly all these employees are higher than their severance amounts. Had Defendants recognized their WARN-eligibility, they would have received WARN damages rather than just severance.

3

who did not sign the RA. The Court found this number insufficient to meet Rule 23(a) numerosity and declined to certify a class. (Adv. ECF 40 at 13).

13. The First Amended Complaint seeks to conform the pleadings to the Court's ruling, in two ways. First, it re-states the claims of the 185 employees as breach of contract claims and names Adam Reed as a case management sub-class representative for them. Second, it names Patrick Franz as a case management sub-class representative for the 13 employees who did not sign the RA, have not been paid anything, and assert WARN claims for full damages.[7] A copy of the proposed First Amended Complaint is attached hereto as Exhibit 1. A redlined copy of the First Amended Complaint reflecting the changes that Plaintiff is proposing is attached hereto as Exhibit 2. A proposed Order is attached hereto as Exhibit 3.

14. This is Plaintiff's first request to amend his complaint.

## ARGUMENT

15. Rule 15 provides, in relevant part, that a party may amend its pleading with the opposing party's written consent or the court's leave. FED. R. CIV. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id.* "While not automatic, federal policy is to allow liberal amendment to facilitate the determination of claims on the merits and to prevent litigation from becoming a technical exercise in the fine points of pleading." *Golden v. Westlake Fin. Servs., LLC*, No. 4:24-cv-4093, 2025 U.S. Dist. LEXIS 177284, at *2-3 (S.D. Tex. Aug. 4, 2025) (citations and quotations omitted). Leave to amend rests within the discretion of the court. *Zenith Radio*

---

[7] A "case management subclass" is an informal grouping within a Rule 23 class "created solely to expedite resolution of the case by segregating [a distinct legal] issue [that is] common to some members of the … [class]." *Casale v. Kelly*, 257 F.R.D. 396, 408-09 (S.D.N.Y. 2009). Because they are not formally certified, case management subclasses are not individually "evaluate[d] under Rule 23[(a)] for commonality, numerosity, typicality, and adequacy of representation." *Id.* It is the class, as a whole, that is subject to that analysis.

*Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330, 91 S.Ct. 795, 28 L. Ed. 2d 77 (1971); *Nilsen v. Moss Point*, 621 F.2d 117, 122 (5th Cir. 1980).

16. Where a scheduling order has been entered, and the deadline to amend the pleadings has passed, the party seeking amendment must first meet Rule 16(b)'s "good cause" standard for modifying a scheduling order before the "liberal Rule 15" standard is applied. *Golden v. Westlake*, 2025 U.S. Dist. LEXIS 177284, at *4.

17. The "good cause" standard, at bottom, asks whether there is a "persuasive reason why the dates originally set by the scheduling order . . . could not reasonably be met despite the diligence of the party seeking the extension." *Id.* (citations and quotations omitted). The relevant factors are "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) the potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *Id.* (citations and quotations omitted).

18. Here, Plaintiff seeks to amend the Complaint approximately 10 days after the deadline in the Scheduling Order, which was October 20, 2025. (Adv. ECF 35 at ¶4).

19. Plaintiff could not have reasonably met the amendment deadline in the Scheduling Order, for two reasons. First, Plaintiff's good faith belief was that all the laid-off employees held WARN claims. The amendments arise from the Court's ruling of October 28, 2025, which foreclosed that legal theory. Second, Defendants' implementation of the RA program involved serial partial payments, and it was only recently (when Defendants made their "final" payment) that the breach, for certain employees, was made clear.

20. Amendment would pose no risk of prejudice to Defendants. For the relevant employees, the breach of contract claims are factually identical to their WARN claims. They still originate in WARN, but are simply incorporated into the RA. Defendants have been on notice

5

from day 1 that these employees seek WARN damages. The re-framing of the claims requires little, if any, changes to the defense of the claims.

21. The liberal Rule 15 analysis is similar, with the same result. Courts "examine five considerations" under Rule 15: "1) undue delay, 2) bad faith or dilatory motive, 3) repeated failure to cure deficiencies by previous amendments, 4) undue prejudice to the opposing party, [and] 5) futility of the amendment." *Morales v. Copestone Gen. Contrs.*, EP-23-CV-00268-DB, 2024 U.S. Dist. LEXIS 22116, at *6 (W.D. Tex. Feb. 8, 2024), *citing SGIC Strategic Glob. Inv. Capital, Inc. v. Burger King Europe GmbH*, 839 F.3d 422, 428 (5th Cir. 2016). "Absent any of these factors, the leave sought should be "freely given." *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004).

22. Here, there is no undue delay. Plaintiff moves promptly to amend the Complaint in light of this Court's ruling. Indeed, "delay alone" would be an "insufficient basis for denial of leave to amend; [t]he delay must be *undue*, i.e., it must prejudice the non-moving party or impose unwarranted burdens on the court." *See, Morales*, 2024 U.S. Dist. LEXIS 22116, at *7, *citing Allen v. Walmart Stores, L.L.C.*, 907 F.3d 170, 186 (5th Cir. 2018) (emphasis added); see also *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981) (the mere passage of time "need not result in refusal of leave to a mend; on the contrary, it is only undue delay that forecloses amendment"). In *Bamm, Inc. v. GAF Corp*, the court found that there was no undue delay when "discovery had not yet been completed at the time of the filing of leave to amend." 651 F.2d 389, 391-92 (5th Cir. 1981). Here, the discovery period continues through April 2026, and only preliminary, informal discovery has taken place.

23. There is no bad faith or dilatory motive here. Plaintiff simply seeks to conform the pleadings to the rulings of the Court.

24. There has been no repeated failure to cure deficiencies by previous amendments.

This is Plaintiff's first request to amend her complaint.

25. There will be no unfair prejudice to Defendant by allowing the relief sought. Amendment before discovery has gotten underway, and before a trial date has been set, do not impose a hardship on Defendants. *Morales*, 2024 U.S. Dist. LEXIS 22116, at *10.

26. Even futility would not be strong grounds to deny the amendment, as the proper course would be to allow a motion to dismiss the amended complaint and "allow futility to be determined after full briefing[.]" *Golden v. Westlake*, 2025 U.S. Dist. LEXIS 177284, at *7 (S.D. Tex. Aug. 4, 2025) (citations and quotations omitted). In any event, it would be difficult for Defendants to argue futility, given that they have endorsed these breach of contract claims. (Adv. ECF 39 at 3 (Debtors' Position) ("If … Debtors were to pay an employee less than the greater amount … under the [SPP] or the WARN Act, that employee would possess a contract claim for breach of the RA[.]"). There is no futility of amendment here.

27. In the interests of justice, the employees should be allowed to pursue their claims within the legal rubric advanced by Defendants.

## CONCLUSION

For the foregoing reasons, the Court should grant the Motion.

Dated: October 31, 2025

/s/ *Jack A. Raisner*
Jack A. Raisner (*pro hac vice*)
René S. Roupinian (*pro hac vice*)
**RAISNER ROUPINIAN LLP**
270 Madison Avenue, Suite 1801
New York, New York 10016
Telephone: (212) 221-1747
Facsimile: (212) 221-1747
Email: rsr@raisnerroupinian.com
Email: jar@raisnerroupinian.com

Walter J. Cicack

7

**HAWASH CICACK & GASTON, LLP**
711 W. Alabama Street, Suite 200
Houston, Texas 77006
Tel: (713) 658-9003
Email: wcicack@hcgllp.com

*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on this the 31st day of October 2025, I electronically filed this Motion with the Clerk of Court using the CM/ECF system which will send notification of such filing to all those receiving electronic service this matter.

/s/ *Jack A. Raisner*
Jack A. Raisner