IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
(HOUSTON DIVISION)

| | |
|---|---|
| In re:<br><br>SUNNOVA ENERGY INTERNATIONAL INC., et al.,[1]<br>      Debtors,<br><br><br>ERIK WEATHERWAX, PATRICK FRANZ, and ADAM REED, on behalf of themselves and all others similarly situated,<br>      Plaintiffs,<br><br>      v.<br><br>SUNNOVA ENERGY INTERNATIONAL INC, et al.,[2]<br>      Defendants. | **Chapter 11**<br>**Bankruptcy Case No. 25-90160 (ARP)**<br>**Jointly Administered**<br><br><br><br>**Adv. Pro. No.  25-03423 (ARP)** |

**FIRST AMENDED CLASS ACTION COMPLAINT FOR VIOLATION OF
THE WARN ACT 29 U.S.C. § 2101, ET SEQ. AND BREACH OF CONTRACT**

  Plaintiffs Erik Weatherwax, Patrick Franz and Adam Reed ("Plaintiffs") allege on behalf of themselves and a putative class of similarly situated former employees of Defendants Sunnova Energy International Inc. and its affiliated Debtors (together, the "Defendants"), by way of this First Amended Class Action Complaint against Defendants, as follows:

**NATURE OF THE ACTION**

  1. Plaintiffs bring this action individually and on behalf of other similarly situated

---

[1,2] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/Sunnova.  The location of Debtor Sunnova Energy International Inc.'s corporate headquarters and the Debtors' service address in these chapter 11 cases is 20 East Greenway Plaza, Suite 540, Houston, Texas 77046.

former employees who worked for Defendants and who were terminated without cause as part of, or as the result of, mass layoffs or a plant closing ordered by Defendants beginning on or about May 30, 2025, who were not provided 60 days advance written notice of their terminations by Defendants, as required by the Worker Adjustment and Retraining Notification Act, 29 U.S.C. § 2101 *et seq.*, (the "WARN Act").

2. Plaintiffs were terminated along with approximately 861 employees as part of, or as the foreseeable result of mass layoffs or a plant shutdown ordered by Defendants. These terminations failed to give Plaintiff and the similarly situated employees of Defendants at least 60 days' advance notice of termination, as required by the WARN Acts. This violation gave rise to WARN's statutory remedies of 60 days' wages and benefits, pursuant to 29 U.S.C. § 2104, for the 861 employees.

3. Since the layoffs, Defendants have, upon information and belief, mooted the WARN claims of about 650 of these employees by paying them amounts corresponding to approximately 60 days' wages of benefits. This action seeks to recover WARN damages for the remaining approximately 198 employees (the "Class Members").

4. Within this putative class, there are two sub-classes.

5. The Contract Sub-Class, for whom Plaintiff Reed seeks to be sub-class representative, comprises approximately 185 employees who signed release agreements ("RA") with the Defendants. The RA promised to pay any WARN damages owed, but Defendants did not pay these employees WARN damages (under a fallacious position that they were WARN-ineligible). As described further below, the WARN claims for these employees have effectively converted into contract claims. Plaintiff Reed asserts breach of contract claims for himself and the similarly situated members of the Contract Sub-Class.

2

6. The WARN Sub-Class, for whom Plaintiff Franz seeks to be sub-class representative, comprises approximately 13 employees who did not sign the RA. Their WARN claims remain as they were at the time of the layoffs. Plaintiff Franz therefore asserts WARN claims on behalf of himself and the similarly situated members of the WARN Sub-Class.

7. Plaintiffs and the putative class members were terminated pre-petition and, upon information and belief, Debtor-Defendants have assumed the RAs. Accordingly, the WARN claims are entitled to wage priority claim status under 11 U.S.C. § 507(a)(4) and (5) or, alternatively, to administrative priority status pursuant to 11 U.S.C. § 503 (b)(1)(A), and the breach of contract claims are entitled to administrative priority status pursuant to U.S.C. § 503 (b)(1)(A).

## JURISDICTION AND VENUE

8. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1334, and 1367, and 29 U.S.C. § 2104(a)(5).

9. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B) and (O).

10. Venue is proper in this District pursuant to 28 U.S.C. § 1409 and 29 U.S.C. § 2104(a)(5).

## THE PARTIES

*Plaintiff Weatherwax*

11. Plaintiff Weatherwax was employed by Defendants as a Senior Full-Stack Engineer II from October 2023 until his termination on or about May 30, 2025. He reported to and received assignments from Defendants' facility located at 20 Greenway Plaza #540 Houston, Texas (the "Facility").

12. Plaintiff is a resident of the state of New York.

13. On or about May 30, 2025, Defendants terminated Plaintiff Weatherwax's employment, effective immediately.

14. Plaintiff did not receive any written notice prior to May 30, 2025, that he would be terminated.

15. Plaintiff filed his Complaint in this action on June 16, 2025.

16. Defendant answered the Complaint on August 14, 2025, denying WARN liability to Plaintiff Weatherwax and asserting eleven affirmative defenses.

17. Since the filing of the original Complaint, Defendants have made payments to Plaintiff Weatherwax which Defendants claim correspond to 60 days' wages and benefits.

*__Plaintiff Franz__*

18. Plaintiff Franz was employed by Defendants from September 2023 until his termination on or about May 30, 2025. At the time of his termination, he was Defendants' Vice President, Software Engineering. He reported to and received assignments from the Facility.

19. Plaintiff Franz is a resident of the state of California.

20. On or about May 30, 2025, Defendants terminated Plaintiff Franz's employment, effective immediately.

21. Plaintiff Franz did not receive any written notice prior to May 30, 2025, that he would be terminated.

22. Plaintiff Franz has not received any payments from Defendants since the commencement of the bankruptcy proceedings.

23. Upon information and belief, there are approximately 12 other employees who are similarly situated to Plaintiff Franz. Like him, these employees reported and received assignments from the Facility and were terminated as part of, or as the result of, the mass layoffs beginning May 30, 2025. Their WARN claims have not been mitigated over the course of the bankruptcy.

*<u>Plaintiff Reed</u>*

24. Plaintiff Reed was employed by Defendants from June 2024 until his termination on or about May 30, 2025. His position was Director of DevOps (Developer Operations). He reported to and received assignments from the Facility.

25. Plaintiff is a resident of the state of Texas.

26. On or about May 30, 2025, Defendants terminated Plaintiff Reed's employment, effective immediately.

27. Plaintiff Reed did not receive any written notice prior to May 30, 2025, that he would be terminated.

28. After his termination, Defendants offered Plaintiff Reed the RA. In exchange for a release of claims against Defendants, the RA offered Plaintiff Reed "the higher of (a) the applicable Severance provided for in [Defendants' Severance Pay] Plan or (b) the applicable amount that may be owed to [Plaintiff Reed] under [WARN]."

29. Plaintiff Reed signed the RA on or about July 11, 2025.

30. Upon information and belief, in calculating Plaintiff's Reed payment under the RA, Defendants considered Plaintiff Reed eligible for 2 weeks of pay under Defendants' Severance Pay Plan. Defendants considered Plaintiff Reed ineligible for WARN damages. Defendants paid Plaintiff Reed the severance amount, in the net amount of approximately $6,000.

31. Plaintiff Reed's WARN damages are approximately $37,000. Had Defendants acknowledged his entitlement to WARN damages, he would have been paid the WARN amount, rather than the severance amount, under the RA.

32. Upon information and belief, there are approximately 185 employees similarly situated to Plaintiff Reed. Like Plaintiff Reed, their WARN damages are higher than their

5

severance amounts.  Thus, had Defendants acknowledged these employees' entitlement to WARN damages, they would have been paid the WARN amounts under the RA.  Instead, Defendants only paid these employees their lower severance amounts.

*__Defendants__*

33. Upon information and belief and at all relevant times, Defendants operate a business in the solar energy industry under the umbrella name of "Sunnova Energy."  Defendants' principal place of business is in Houston, Texas.

34. On June 1 and June 8, 2025 (the "Petition Date"), Defendants each filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.  Joint administration of the Debtors' bankruptcy cases was ordered by the Court on June 9, 2025 (Bankr. No. 25-90160, ECF 19).

35. The Debtor-Defendants are sued under the federal WARN Act and the common law of Texas or, in the alternative, Delaware.

36. Upon information and belief, during the course of Defendants' bankruptcy, Defendants paid approximately 60 days' wages and benefits to approximately 650 terminated employees, some of whom had signed the RA and others who had not.

37. Upon information and belief, Defendants treated these amounts as administrative claims.

38. Upon information and belief, Defendants paid severance amounts to other employees who signed the RA, but whom Defendants treated as WARN-ineligible.  Defendants also treated those payments as administrative claims.

## CLASS ALLEGATIONS

39. Plaintiff Franz brings a Claim for Relief for violation of 29 U.S.C. § 2101 *et seq.*, individually and on behalf of all other similarly situated former employees, pursuant to 29 U.S.C.

§ 2104(a)(5) and Federal Rules of Civil Procedure, Rule 23(a) and (b), who worked at, reported to or received assignments from Defendants' Facility and were terminated without cause on or about May 30, 2025 and within 30 days of that date, or were terminated without cause as the reasonably foreseeable consequence of the mass layoffs and/or plant closing ordered by Defendants on or about May 30, 2025 and who are affected employees, within the meaning of 29 U.S.C. § 2101(a)(5), and who did not sign the RA (the "WARN Sub-Class").

40. Plaintiff Reed brings a Claim for Relief under Texas law (or in the alternative, Delaware Law) for breach of contract individually and on behalf of all similarly situated employees who are otherwise similarly situated to the WARN Class, in that they reported the Facility and were terminated without cause beginning May 30 and would otherwise have WARN claims, but who signed the RA and were denied WARN damages in their payments under the RA, converting those WARN claims into contract claims (the "Contract Sub-Class") (together with the WARN Class, the "Class").  These employees would have received their higher WARN damages under the RA if Defendants had acknowledged their entitlement to WARN damages.

41. The Class Members, estimated to be about 198 employees, are so numerous that joinder of all members is impracticable.  The WARN Sub-Class is estimated to be about 13 persons and the Contract Sub-Class is estimated to be about 185 persons.  On information and belief, the facts on which the calculation of that number can be based are presently within the sole control of Defendants.

42. On information and belief, the identity of the members of the Class and the recent residence address of each of the Class Members is contained in Defendants' books and records.

43. On information and belief, the rate of pay and benefits that were being paid by Defendants to each Class Member at the time of his/her termination is contained in the books and

7

records of Defendants.

44. Common questions of law and fact exist as to members of the Class, including, but not limited to, the following:

    (a) whether the members of the Class were employees of Defendants who worked at, reported to, or received assignments from Defendants' Facility;

    (b) whether Defendants unlawfully terminated the employment of the members of the Class without cause on their part and without giving them 60 days advance written notice in violation of the WARN Act; and

    (c) whether Defendants unlawfully failed to pay the Class members 60 days wages and benefits as required by the WARN Act.

45. Additional common questions of law and fact exist as to members of the Contract Sub-Class, including, but not limited to, the following:

    (a) whether the members of the Contract Sub-Class entered into enforceable agreements with Defendants; and

    (b) whether Defendants breached that contract when it denied the Contract Sub-Class members WARN damages amounts in Defendants' payments to them under the RA;

46. Plaintiff Franz's claims are typical of those of the WARN Sub-Class. Plaintiff Franz, like other WARN Sub-Class members, worked at, reported to, or received assignments from Defendants' Facility and was terminated without cause on or about May 30, 2025, due to the mass layoffs and/or plant closing ordered by Defendants.

47. Plaintiff Reed's claims are typical of those of the Contract Sub-Class. Plaintiff Reed, like other Contract Sub-Class members, also worked at, reported to, or received assignments from Defendants' Facility and was terminated without cause on or about May 30, 2025, due to the mass layoffs and/or plant closing ordered by Defendants. Plaintiff Reed then signed the same RA as the members of the Contract Sub-Class, and, upon information and belief, was denied WARN payments thereunder for the same reason.

48. At all relevant times, Defendants were an "employer," as that term is defined in 29 U.S.C. § 2101 (a)(1) and 20 C.F.R. § 639(a) and continued to operate as a business until Defendants decided to order the mass layoffs or plant closing at the Facility.

49. Plaintiff Franz and Plaintiff Reed will fairly and adequately protect the interests of the Class. Plaintiffs have retained counsel competent and experienced in complex class actions, including the WARN Act and employment litigation.

50. Class certification of these claims is appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the Class predominate over questions affecting only individual members of the Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of WARN damages, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate defendants, and damages suffered by individual Class members are small compared to the expense and burden of individual prosecution of this litigation.

51. Concentrating all the potential litigation concerning the WARN Act and contract rights of the members of the Class in this Court will obviate the need for unduly duplicative litigation that might result in inconsistent judgments, will conserve the judicial resources and the resources of the parties and is the most efficient means of resolving the rights of all the members of the Class.

52. Plaintiffs intend to send notice to all members of the Class to the extent required by Rule 23.

## FIRST CLAIM FOR RELIEF

**Violation of the WARN Act, 29 U.S.C. § 2104**
(*Asserted by Plaintiff Franz on behalf of himself and the WARN Sub-Class*)

53. Plaintiffs reallege and incorporate by reference all allegations in all preceding

paragraphs.

54. At all relevant times, Defendants employed more than 100 employees who in the aggregate worked at least 4,000 hours per week, exclusive of hours of overtime, within the United States.

55. At all relevant times, Defendants were an "employer," as that term is defined in 29 U.S.C. § 2101 (a)(1) and 20 C.F.R. § 639(a) and continued to operate as a business until they decided to order the mass layoffs or plant closing at the Facility.

56. At all relevant times, Plaintiffs and the other similarly situated former employees were employees of Defendants as that term is defined by 29 U.S.C. § 2101.

57. On or about May 30, 2025, Defendants ordered mass layoffs or a plant closing at the Facility, as that term is defined by 29 U.S.C. § 210l(a)(2).

58. The mass layoffs or plant closing at the Facility resulted in "employment losses," as that term is defined by 29 U.S.C. § 2101(a)(2) for at least fifty of Defendants' employees as well as thirty-three percent of Defendants' workforce at each Facility, excluding "part-time employees," as that term is defined by 29 U.S.C. § 2l01(a)(8).

59. Plaintiffs and the Class Members were terminated by Defendants without cause on their part, as part of or as the reasonably foreseeable consequence of the mass layoffs or plant closing ordered by Defendants at the Facility.

60. Plaintiffs and the Class Members are "affected employees" of Defendants, within the meaning of 29 U.S.C. § 2101(a)(5).

61. Defendants were required by the WARN Act to give Plaintiffs and the Class Members at least 60 days advance written notice of their terminations.

62. Defendants failed to give Plaintiff and the Class members written notice that

complied with the requirements of the WARN Act.

63. Plaintiff and each of the Class Members are "aggrieved employees" of the Defendants as that term is defined in 29 U.S.C. § 2104(a)(7).

64. Defendants failed to pay Plaintiff and each of the Class Members their respective wages, salary, commissions, bonuses, health and life insurance premiums, accrued holiday pay and accrued vacation for 60 days following their respective terminations, and failed to provide employee benefits including health insurance, for 60 days from and after the dates of their respective terminations.

### SECOND CLAIM FOR RELIEF

**Breach of Contract under Texas Law, or in the Alternative, Delaware Law**
*(Asserted by Plaintiff Reed on behalf of himself and the Contract Class Members)*

65. Plaintiff Reed realleges and incorporates by reference all allegations in all preceding paragraphs, which establishes his entitlement in the first instance, as well as the entitlement of the Contract Sub-Class Members in the first instance, to WARN damages.

66. Defendants offered Plaintiff Reed and the Contract Sub-Class Members payment in exchange for a release of their claims, under the terms of the RA.

67. The payment Defendants offered in the RA was "the higher of (a) the applicable Severance provided for in [Defendants' Severance Pay] Plan or (b) the applicable amount that may be owed to such Employee under [WARN]."

68. Plaintiff Reed and the Contract Sub-Class Members accepted Defendants' offer and tendered performance thereunder, by signing the RA.

69. WARN damages for Plaintiff Reed and the Contract Sub-Class Members are higher than what the Contract Sub-Class Members were entitled to under Defendants' Severance Pay Plan. Under the RA, therefore, Plaintiff Reed and the Contract Sub-Class Members are entitled to

11

WARN damages.

70. Contrary to WARN, Defendants treated Plaintiff Reed and the Contract Sub-Class Members as having no entitlement to WARN damages, paying them only the severance amounts instead.

71. Defendants materially breached the RA by failing to pay Plaintiff Reed and the Contract Sub-Class Members what they are owed under WARN.

72. Plaintiff Reed and the Contract Sub-Class Members are entitled to the difference between what Defendants paid them and their WARN damages.

73. Plaintiff Reed and the Contract Sub-Class Members have suffered damages as the result of Defendants' breach of the RA under the common law of Texas.

74. Defendants are headquartered in Texas.

75. Upon information and belief, Defendants do not have a physical facility outside of Texas.

76. Upon information and belief, Defendants' decision to breach the RA by paying only the severance amounts was made in Texas.

77. Texas has the most significant relationship with, or interest in, the determination of Plaintiff Reed's and the Contract Class Members' rights under the RA.

78. While separate from the RA, Defendants' Severance Pay Plan includes a choice of law provision choosing Delaware law.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, individually and on behalf of all other similarly situated persons, pray for the following relief as against Defendants:

A. Certification of this action as a class action;

B. Designation of Plaintiff Franz as Class Representative for the WARN Sub-Class and Plaintiff Reed as Class Representative of the Contract Sub-Class;

C. Appointment of the undersigned attorneys as Class Counsel;

D. A judgment in favor of Plaintiffs Weatherwax and Franz and the WARN Sub-Class Members, under the WARN Act, equal to 60 days of wages and benefits, determined in accordance with the WARN Act, 29 U.S.C. § 2104 (a)(1)(A), taking into account WARN's offset for any amounts Defendants have voluntarily paid to these employees since the violation;

E. A judgment in favor of Plaintiff Reed and the Contract Class Members, under Texas common law, or in the alternative, Delaware common law, equal to 60 days of wage and benefits, determined in accordance with the WARN Act, minus any amounts paid to them pursuant to the RA;

F. Treatment of the WARN claims as priority wages pursuant to 11 U.S.C. § 507(a)(4) or (5) and the remainder as a general unsecured claim, or alternatively, as an administrative expense pursuant to 11 U.S.C. § 503(b)(l)(A);

G. Treatment of the breach of contract claims as administrative expense pursuant to 11 U.S.C. § 503(b)(l)(A);

H. Reasonable attorneys' fees and the costs and disbursements that Plaintiff will incur in prosecuting this action, as authorized by the federal WARN Act, 29 U.S.C. § 2104(a)(6);

I. Interest as allowed by law on the amounts owed under the preceding paragraphs; and

J. Such other and further relief as this Court may deem just and proper.

Dated: October 31, 2025

          Respectfully submitted,

By:   /s/ *Jack A. Raisner*
Jack A. Raisner (*pro hac vice*)
René S. Roupinian (*pro hac vice*)
**RAISNER ROUPINIAN LLP**
270 Madison Avenue, Suite 1801
New York, New York 10016
Telephone: (212) 221-1747
Facsimile: (212) 221-1747
Email: rsr@raisnerroupinian.com
Email: jar@raisnerroupinian.com

Walter J. Cicack
Texas Bar No. 04250535
wcicack@hcgllp.com
HAWASH CICACK & GASTON LLP
711 W. Alabama St., Suite 200
Houston, Texas 77006
Telephone: (713) 658-9003
Facsimile: (713) 658-9003

*Attorneys for the Plaintiffs and the putative class*