# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### (HOUSTON DIVISION)

| | |
|---|---|
| In re:<br><br>SUNNOVA ENERGY INTERNATIONAL INC., et al.,[1]<br><br>      Debtors,<br>_____<br><br>ERIK WEATHERWAX, PATRICK FRANZ and ADAM REED, on behalf of themselves and all others similarly situated,<br><br>      Plaintiffs,<br><br>    v.<br><br>SUNNOVA ENERGY INTERNATIONAL INC., et al.,<br><br>      Defendants. | **Chapter 11**<br>**Bankruptcy Case No. 25-90160 (ARP)**<br>**Jointly Administered**<br><br><br><br><br>**Adv. Pro. No. 25-03423 (ARP)** |

## DEFENDANTS' MOTION TO STAY
## DISCOVERY PENDING RULING ON PARTIAL MOTION TO DISMISS

Thomas A. Pitta, as trustee of the Sunnova Creditor Trust (the "Creditor Trustee"), for and on behalf of the above-captioned Debtors (the Debtors are collectively referred to as the "Defendants"), by and through their undersigned counsel, respectfully submit this Motion to Stay Discovery Pending Ruling on Defendants' Partial Motion to Dismiss the Second Amended Class Action Complaint and state as follows:

---

[1] A complete list of each of the Debtors in these chapter 11 cases (the defendants in this adversary proceeding) may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/Sunnova. The location of Debtor Sunnova Energy International Inc.'s corporate headquarters and the Debtors' service address in these chapter 11 cases is 20 East Greenway Plaza, Suite 540, Houston, Texas 77046.

### I. INTRODUCTION

Defendants move to stay discovery in this case pending the resolution of their Partial Motion to Dismiss the Second Amended Complaint, which was filed under Fed. R. Civ. P. 12(b)(6) and argues that Plaintiffs' breach of contract claim is preempted by ERISA.  ECF No. 64.  Such an order is appropriate because resolution of the preemption issue will determine not just the scope of discovery, but whether broad merits discovery is appropriate at all.  If the Court grants the Partial Motion to Dismiss and holds that ERISA governs the Contract Sub-Class's claims, judicial review would generally be limited to the administrative record before the plan decisionmaker, and the broad, company-wide discovery Plaintiffs have propounded would be neither relevant nor permissible.  Courts routinely grant stays in these circumstances, where a pending motion presents a threshold legal issue that will define the scope of discovery.  Granting a brief stay would avoid unnecessary, expensive, and burdensome discovery and serve the interest of judicial economy without prejudicing the parties.  Critically, a stay is especially needed here, as Defendants are a creditor trust with a fixed amount of assets intended to satisfy the claims of thousands of unsecured creditors.  Every dollar spent responding to the discovery that could later prove unnecessary is a dollar less that can be distributed to the creditors of the Defendants' bankruptcy estates.

### II. BACKGROUND

On December 15, 2025, Defendants filed a Motion to Dismiss Plaintiffs' First Amended Complaint.  ECF No. 50.  On March 3, 2026, this Court granted the Motion to Dismiss with leave to amend the complaint.  ECF No. 57.

On March 9, 2026, Plaintiffs filed their Second Amended Complaint.  ECF No. 60.  The Second Claim for Relief, asserted by Plaintiff Reed on behalf of the Contract Sub-Class, alleges breach of the RA under Texas law or, in the alternative, Delaware law.  *Id.* ¶¶ 68–81.  The theory is that Defendants materially breached the RA by failing to pay WARN damages to employees

2

whom Defendants determined to be WARN-ineligible. *Id.* ¶¶ 73–74. The relief sought is the difference between the severance amounts paid and the WARN damages Plaintiffs contend they were owed. *Id.* ¶ 75, Prayer ¶ E.

On the same day as filing the Second Amended Complaint, Plaintiffs served written discovery requests upon Defendants. Plaintiffs' Interrogatories are attached hereto as Exhibit A; Plaintiffs' Requests for Production of Documents are attached hereto as Exhibit B. Plaintiffs' interrogatories and requests for production seek expansive, company-wide discovery directed at, among other things, employment practices, organizational structures, employee performance metrics, executive and Board-level communications, internal chat platforms, and Defendants' efforts to secure financing and capital between late 2024 and mid-2025. *See* Ex. A; Ex. B.

Defendants have since filed a Partial Motion to Dismiss the Second Amended Complaint. ECF No. 64. Specifically, Defendants seek to dismiss the breach of contract claim contained in the Second Amended Complaint on the grounds that it is preempted by ERISA. *See id.* Defendants now move to stay discovery pending the Court's resolution of the Partial Motion to Dismiss.

### III. ARGUMENT

#### A. Legal Standard

Federal Rule of Civil Procedure Rule 26(c), applicable here through Fed. R. Bankr. P. 7026, provides that "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense ...." In line with this Rule, district courts have broad "discretion to stay discovery pending resolution of dispositive motions[.]" *Brown v. DFS Servs., L.L.C.*, 434 F. App'x 347, 352 (5th Cir. 2011); *see also Mayo v. Tri-Bell Indus., Inc.*, 787 F.2d 1007, 1012 (5th Cir. 1986) ("Control of discovery is committed to the sound discretion of the trial court[.]"). Among the factors informing the court's discretion are "(1) the breadth of discovery sought; (2) the burden of responding to such discovery; and (3) the

3

strength of the dispositive motion filed by the party seeking a stay." *Von Drake v. Nat'l Broad. Co.*, No. 3-04-CV-0652R, 2004 WL 1144142, at *1 (N.D. Tex. May 20, 2004). All three factors favor a stay here.

District courts are responsible for managing pretrial discovery to avoid wasting judicial and private resources. *See Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 270 (5th Cir. 2006); *Perez v. Miami-Dade Cty.*, 297 F.3d 1255, 1263 (11th Cir. 2002) (noting district courts must "manage pretrial discovery properly in order to avoid a massive waste of judicial and private resources and a loss of society's confidence in the courts' ability to administer justice."). The Fifth Circuit has repeatedly explained that granting a discovery stay until a pending motion to dismiss is resolved is a proper exercise of that responsibility. *E.g., Corwin v. Marney, Orton Invs.*, 843 F.2d 194, 200 (5th Cir. 1988); *Scroggins v. Air Cargo, Inc.*, 534 F.2d 1124, 1133 (5th Cir. 1976).

Good cause may exist and justify granting a stay of discovery when "resolving a motion to dismiss might reduce or preclude the need for discovery or when 'further discovery will impose undue burden or expense without aiding the resolution of the dispositive motions.'" *Alkane Midstream, LLC v. Mesa Natural Gas Solutions, LLC*, No. MO:25-CV-00214-DC-RCG, 2026 WL 562719, at *1 (W.D. Tex. Feb. 19, 2026). In particular, it would be "wasteful to allow discovery on all issues raised in a broad complaint when, for example, the case will not reach" a determination on those merits. *See Corwin*, 843 F.2d at 200.

A discovery stay is appropriate where the disposition of a motion to dismiss "might reduce or preclude the need for discovery[.]" *Alkane Midstream, LLC,* 2026 WL 562719, at *1. And where "the issues to be examined in the motion to dismiss" are "largely legal rather than factual in nature[,]" a stay of discovery is justified. *See Smith v. Potter*, 400 F. App'x 806, 813 (5th Cir. 2010); *see also NCC Bus. Servs., Inc. v. Lemberg & Assocs., LLC*, No. 3:13-CV-795-J-99MMH,

4

2013 WL 5428737, at *1 (M.D. Fla. Sept. 26, 2013) (noting "facial challenges to the legal sufficiency of a complaint in a dispositive motion to dismiss should be resolved before discovery begins.").

### B. The Threshold Question of ERISA Preemption Will Determine the Scope of Discoverable Information.

A fundamental purpose of Rule 12(b)(6) is to stand as a gatekeeper to discovery. *See Neitzke v. Williams*, 490 U.S. 319, 326–27 (1989) ("This procedure [Rule 12(b)(6)], operating on the assumption that the factual allegations in the complaint are true, streamlines litigation by dispensing with needless discovery and factfinding."); *Kew v. Bank of America, N.A.*, No. H-11-2824, 2012 WL 1414978, at *4 (S.D. Tex. Apr. 23, 2012) ("One purpose of a Rule 12(b)(6) motion 'is to test the sufficiency of the statement of a claim showing that plaintiff is entitled to relief, without forcing defendant[s] to be subjected to discovery.'").

Here, the Court should exercise its discretion to grant a brief stay of discovery so that the Partial Motion to Dismiss can be resolved and the governing legal framework established before the parties incur the cost of responding to broad discovery requests. If the Partial Motion to Dismiss is granted, the Contract Sub-Class's claims may proceed as ERISA claims, but the governing legal framework, the applicable standard of review, and the scope of permissible discovery will be fundamentally different. A short pause will allow the Court to resolve that threshold question before the parties incur the cost of discovery that may prove unnecessary or misdirected. Each of the factors courts consider supports a stay. *See* ECF No. 64. First, the breadth of discovery sought is substantial. Plaintiffs' interrogatories and requests for production seek company-wide discovery spanning organizational structures, performance metrics, executive communications, Board minutes, and capital-markets activity. *See* Ex. A; Ex. B. Second, the burden of responding to that discovery is significant, particularly given that much of it may prove

irrelevant depending on the outcome of the Partial Motion to Dismiss.  Third, the Partial Motion to Dismiss presents a strong threshold legal question: whether ERISA preempts Plaintiffs' state-law breach of contract claim.  That question is purely legal and can be resolved on the pleadings without any discovery.  Discovery will not aid in resolving that question.

When an ERISA plan grants the administrator discretionary authority to determine eligibility for benefits or to construe plan terms (as the Plan did here), the reviewing court applies an abuse of discretion standard.  *Napoli v. Johnson & Johnson, Inc.*, 624 F. App'x 861, 863 (5th Cir. 2015).  Courts applying this deferential standard typically limit review to the administrative record before the plan decisionmaker.  *See Killen v. Reliance Standard Life Ins. Co.*, 776 F.3d 303, 312 (5th Cir. 2015) (citing Fifth Circuit caselaw for the proposition that a district court is restricted to the evidence before the plan administrator when conducting deferential review); *Napoli*, 624 F. at 863–64 (reviewing the plan administrator's decision based on what was before the plan administrator at the time of the decision).

Plaintiffs' written discovery confirms why a stay is appropriate.  Plaintiffs' current discovery requests presume a broad breach of contract claim.  As drafted, the current discovery requests seek expansive categories of documents and information that could extend far beyond what was considered by the plan administrator.  For example, Plaintiffs seek, among other things, company-wide discovery concerning job duties, performance metrics, reporting structures, productivity tracking, department-wide communications, C-suite directives, and Board minutes. *See* Ex. A; Ex. B.  If ERISA applies, discovery would be limited, if at all, to the administrative record that was before the plan administrator at the time the relevant decision was made.  But as drafted, Plaintiffs' discovery requests are not tied to what the administrator considered when interpreting or applying the plan.  Defendants should not be required to undertake broad, company-

wide discovery where, if ERISA applies, the Court's review will be confined to the administrative record.

While Plaintiffs may contend that discovery should proceed because certain requests are relevant to the WARN Sub-Class, their discovery is not tailored to that narrow group of 13 individuals. The Contract Sub-Class encompasses approximately 185 employees and represents the vast majority of the putative class. The WARN Sub-Class, by contrast, includes only 13 individuals. Plaintiffs' discovery requests do not distinguish between the two sub-classes, and many of the requests, including those seeking company-wide organizational charts, department-wide communications, C-suite directives, performance metrics, and Board minutes, are not reasonably tailored to the claims of 13 WARN Sub-Class members. Resolution of the Partial Motion to Dismiss will determine the governing legal framework and, in turn, the proper scope of discovery. Until that threshold issue is resolved, neither side can efficiently tailor discovery to the claims that will actually proceed.

### C. A Stay Would Not Prejudice the Parties.

The harm presented by needless discovery outweighs the harm, if any, that would be caused by a temporary stay of discovery. Defendants should not be forced to respond to discovery requests when a motion to dismiss that cannot be overcome with discovery is pending before the Court. Even though not all of the Plaintiffs' claims are subject to dismissal at this stage, a ruling on Defendants' Partial Motion to Dismiss will significantly clarify the scope of relevant discovery, justifying staying discovery. *See Alkane Midstream, LLC*, 2026 WL 562719, at *2 (finding good cause to grant a discovery stay pending a motion to dismiss because resolution of the motion to dismiss "will clarify the scope of the remaining claims and thereby inform the appropriate breadth and proportionality of discovery under Rule 26(b)(1)."). At the conclusion of the stay, the parties can move forward with appropriate discovery. This approach spares Defendants any unnecessary

7

discovery burden or expense. *See Stollings v. Texas Tech Univ.*, No. 5:20-CV-250-H, 2021 WL 4171815, at *2 (N.D. Tex. Apr. 13, 2021) ("If [d]efendants must respond to discovery now and the Motion to Dismiss is later granted, resources will have been expended needlessly.").

At the same time, Plaintiffs do not suffer any prejudice from a brief stay of discovery. *See id.* ("If, on the other hand, the defendants' Motion is denied and they subsequently respond to plaintiff's discovery requests, plaintiff will not be prejudiced."). The stay will be limited in duration and remain in effect only until the Court rules on the Motion to Dismiss. Once ruled upon, Plaintiffs will have the opportunity to pursue discovery on any surviving claims. Accordingly, Plaintiffs do not suffer any prejudice from staying discovery pending resolution of Defendants' Motion to Dismiss. *See Alkane Midstream, LLC*, 2026 WL 562719, at *2 (finding good cause exists to stay discovery pending resolution of a motion to dismiss and stating that the plaintiff would not suffer undue prejudice when the plaintiff "will have the opportunity to pursue discovery on any surviving claims thereafter, and there is no showing that relevant evidence will be lost or rendered unavailable in the meantime.").

As shown, a temporary stay of discovery properly balances the limited harm to Plaintiffs (a brief delay of discovery) against the discovery burden on Defendants that could result if its Partial Motion to Dismiss is granted. *See Stollings*, 2021 WL 4171815, at *2 (staying discovery on all claims "in the interest of efficiency and fairness" after defendants asserted immunity against some claims and moved to dismiss under Rule 12(b)(6)).

### IV. CONCLUSION

For the foregoing reasons, the Court should stay discovery in this case pending resolution of Defendants' Partial Motion to Dismiss the Second Amended Complaint and until further order of the Court or the agreement of the Parties.

Dated: April 2, 2026

Respectfully submitted,

**BRACEWELL LLP**

/s/ *Jason G. Cohen*
Jason G. Cohen
TX Bar No. 24050435
jason.cohen@bracewell.com
Brian G. Patterson
TX Bar No. 24042974
brian.patterson@bracewell.com
711 Louisiana St., Suite 2300
Houston, TX 77002
Telephone: (713) 223-2300
Facsimile: 800-404-3970

**SPECIAL COUNSEL TO THE
CREDITOR TRUSTEE**

## CERTIFICATE OF SERVICE

I hereby certify that on the 2nd day of April 2026, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all registered counsel of record.

/s/ *Jason G. Cohen*
Jason G. Cohen

## CERTIFICATE OF CONFERENCE

I hereby certify that I conferred concerning the relief requested herein with counsel for Plaintiffs, and Plaintiffs were opposed.

/s/ *Brian G. Patterson*
Brian G. Patterson

9