# EXHIBIT A

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
(HOUSTON DIVISION)**

| | |
|---|---|
| In re:<br><br>SUNNOVA ENERGY INTERNATIONAL INC., et al.,[1]<br><br>         Debtors,<br>_____<br><br>ERIK WEATHERWAX, PATRICK FRANZ, and ADAM REED, on behalf of themselves and all others similarly situated,<br><br>         Plaintiffs,<br><br>     v.<br><br>SUNNOVA ENERGY INTERNATIONAL INC, et al.,[2]<br><br>         Defendants. | **Chapter 11**<br>**Bankruptcy Case No. 25-90160 (ARP)**<br>**Jointly Administered**<br><br><br><br><br>**Adv. Pro. No.  25-03423 (ARP)** |

## PLAINTIFFS' INTERROGATORIES TO DEFENDANTS

Pursuant to Fed. R. Bankr. P. 7033 and Fed. R. Civ. P. 33, Plaintiffs Erik Weatherwax,

Patrick Franz and Adam Reed ("Plaintiffs") hereby request that Thomas A. Pitta, as trustee of the

Sunnova Creditor Trust (the "Creditor Trustee"), for and on behalf of the above-captioned

Defendants, Sunnova Energy International, Inc., and its affiliated debtor-defendants (debtor-

---

[1,2] A complete list of each of the Debtors in these chapter 11 cases (the defendants in this adversary proceeding) may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/Sunnova.  The location of Debtor Sunnova Energy International Inc.'s corporate headquarters and the Debtors' service address in these chapter 11 cases is 20 East Greenway Plaza, Suite 540, Houston, Texas 77046.

defendants collectively "Defendants") respond to the following Interrogatories within thirty (30) days of the time of their service.

## DEFINITIONS

As used in these Interrogatories, the following terms shall have the meaning set forth below:

1.      "C-Suite" means the group of managers whose job titles included the word "Chief" anytime between November 1, 2024, and May 31, 2025.

2.      "Communication(s)" means any manner of transmitting or receiving information, opinions or thoughts, whether orally, electronically, in writing or otherwise.

3.      The "Company" means, collectively, Sunnova Energy International Inc. and its Debtor and non-Debtor subsidiaries and affiliates.  It is to be given the same meaning ascribed to it by Defendants in their main case filings.  (*E.g.*, Bankr. Case No. 25-90160 (ARP), Dkt. No. 5, n.1).

4.      "Concerning" means relating to, referring to, reflecting, describing, tending to evidence or rebut, regarding or constituting.

5.      "Defendants" means Defendant Sunnova Energy International, Inc., and its affiliated debtor-defendants, as described in footnotes 1 and 2 *supra*.

6.      "Department" means any specialized functional unit or team within the Company in which employees were grouped together (for organizational, operational, or administrative purposes) based on shared skillsets, common projects or objectives, geographical location, or other similar criteria.  The term includes, without limitation, the following groups (or similarly-named groups) within the Company: Finance, Sales, Software, Engineering, Project

Management, Product Management, Energy Services, Human Resources, Quality Assurance, Developer Operations and Public Relations/Policy.

7.     "Document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a), including without limitation, electronic or computerized data compilations.  A draft or non-identical copy is a separate document within the meaning of this term.

8.     "Identify" with respect to documents:  When referring to documents, to "identify" means to give, to the extent known, the (i) type of document, (ii) general subject matter, (iii) date of the document, (iv) author(s), addressee(s) and recipient(s), and (v) the last known location of the document and the identity of person who has possession of it.

9.     "Identify" with respect to persons:  When referring to persons, to "identify" means to give the name, the title, the last known residence address, business address phone number, and e-mail address of the person.

10.     "Facility" means Defendants' facility located at 20 Greenway Plaza #540, Houston, Texas.

11.     "Person" means any natural individual or any corporation, firm, partnership, proprietorship, association, joint venture, governmental entity or any business organization or other entity.

12.     "WARN Act" means the Worker Adjustment and Retraining Notification Act, 29 U.S.C. §§ 2101 - 2109.

13.     "Remote Employees" means Defendants' former employees who were not regularly required to work at the Facility, including without limitation those listed as working remotely in Defendant's Human Resources database.

14.     All capitalized terms used but not specifically defined herein shall have the meanings ascribed to them in the Complaint.

15.     "All" and "each" shall be construed as both all and each.

16.     The connective "and" and "or" shall be construed disjunctively and conjunctively, to give the most inclusive meaning to the request.

17.     The use of the singular form includes the plural and vice versa.

## INSTRUCTIONS

1.     Please answer each Interrogatory separately and fully.

2.     To the extent you object in part to any Interrogatory, please specify the portion to which you object and answer the portion to which no objection is asserted.

3.     In answering these Interrogatories, please furnish all information and material available to you at the time of answering.

4.     Unless otherwise stated, the relevant time period covering each Request is from November 1, 2024, to June 8, 2025.

## INTERROGATORIES

1.     Identify each Department within the Company, including any sub-groups within the Departments.

**RESPONSE:**


2.     For each Department within the Company, identify the C-Suite employee(s) and the Senior Vice President(s) with executive or managerial responsibility over that Department.

**RESPONSE:**

4

3.      Identify a person or persons with knowledge of the way work assignments were originated and work performance was monitored, both in the Company overall and within each Department.

**RESPONSE:**

4.      Identify any metrics, KPIs, goals, quotas, or similar standards that Defendants used to assess the performance or productivity of employees in each Department.

**RESPONSE:**

5.      Identify the events or circumstances which Defendants contend prevented Defendants from giving 60 days' notice or termination to any employees terminated within 90 days (before or after) of May 31, 2025, and identify the officers, directors or managers of Defendants with personal knowledge of these events.

**RESPONSE:**

6.      Describe and identify the dates of the occurrences referred to in the second and third paragraphs of Defendants' May 30 letter to Plaintiff Weatherwax, including when Defendants became "unable to secure capital to continue as a going concern"; when Defendants became "unable to secure sufficient capital to avoid the need for a significant headcount reduction"; when "certain of the Sunnova's tax equity investors unexpectedly shut off access to further advances"; when "Sunnova's ability to draw under its revolving lines of credit ceased";

and when there was "a sudden, unexpected and increasingly challenging macro-economic climate that roiled the entire renewables industry."

**RESPONSE:**

7.      For the period February 1, 2025 through May 30, 2025, identify any additional capital which Defendants believed they had a realistic opportunity to obtain and which would have prevented the layoffs that occurred in the 90 days before and after May 30, 2025.

**RESPONSE:**

8.      Identify all persons who participated in any discussions leading to the decision to terminate employees of Defendants within 90 days (before or after) of May 30, 2025.

**RESPONSE:**

9.      For employees of Defendants terminated within 90 days (before or after) of May 30, 2025, identify all individuals involved in the preparation and delivery of communications to those employees concerning their terminations, and describe these individuals' roles in preparing or delivering those communications.

**RESPONSE:**

10.      State whether Defendants consulted with legal counsel regarding their WARN Act obligations (including the preparation of communications to employees) between November 1, 2024, and May 30, 2025, and if the answer is in the affirmative, identify the name of such legal counsel, state the date on which each consultation occurred and identify all participants.

**RESPONSE:**


Dated: March 9, 2026

/s/ *Jack A. Raisner*
Jack A. Raisner (*pro hac vice*)
René S. Roupinian (*pro hac vice*)
**RAISNER ROUPINIAN LLP**
270 Madison Avenue, Suite 1801
New York, New York 10016
Telephone: (212) 221-1747
Facsimile: (212) 221-1747
Email: rsr@raisnerroupinian.com
Email: jar@raisnerroupinian.com

Walter J. Cicack
**HAWASH CICACK & GASTON LLP**
2118 Smith Street
Houston, Texas 77002
Tel: (713) 658-9003
Email: wcicack@hcgllp.com

*Attorneys for Plaintiffs and the putative class*


## CERTIFICATE OF SERVICE

I hereby certify that on this the 9th day of March 2026, I electronically served these *Interrogatories* on the following counsel for Defendants:

Jason G. Cohen
jason.cohen@bracewell.com
Brian G. Patterson
brian.patterson@bracewell.com
711 Louisiana St., Suite 2300
Houston, TX 77002
Telephone: (713) 223-2300
Facsimile: 800-404-3970

SPECIAL COUNSEL TO THE
CREDITOR TRUSTEE

/s/ *Jack A. Raisner*
Jack A. Raisner

7