**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**(HOUSTON DIVISION)**

| | |
|---|---|
| In re:<br><br>SUNNOVA ENERGY INTERNATIONAL INC., et al.,[1]<br><br>     Debtors,<br><hr><br>ERIK WEATHERWAX, PATRICK FRANZ and ADAM REED, on behalf of themselves and all others similarly situated,<br><br>     Plaintiffs,<br><br>  v.<br><br>SUNNOVA ENERGY INTERNATIONAL INC., et al.,<br><br>     Defendants. | **Chapter 11**<br>**Bankruptcy Case No. 25-90160 (ARP)**<br>**Jointly Administered**<br><br><br><br><br><br>**Adv. Pro. No. 25-03423 (ARP)** |

**STIPULATION AND AGREED ORDER AMENDING THE SCHEDULING ORDER**

WHEREAS, on June 16, 2025, Plaintiffs filed their original Class Action Complaint for Violation of the WARN Act 29 U.S.C. § 2101, Et. Seq. in the above-captioned adversary proceeding.  ECF No. 1.

WHEREAS, on September 16, 2025, this Court entered a Scheduling Order (the "Scheduling Order").  ECF No. 35.

---

[1] A complete list of each of the Debtors in these chapter 11 cases (the defendants in this adversary proceeding) may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/Sunnova. The location of Debtor Sunnova Energy International Inc.'s corporate headquarters and the Debtors' service address in these chapter 11 cases is 20 East Greenway Plaza, Suite 540, Houston, Texas 77046.

WHEREAS, on October 28, 2025, this Court denied the Plaintiffs' Motion for Class Certification.  ECF No. 40.

WHEREAS, on October 31, 2025, Plaintiffs filed their First Amended Class Action Complaint for Violation of the WARN Act 29 U.S.C. § 2101, Et. Seq. and Breach of Contract (ECF No. 42-1) (the "First Amended Complaint") in the above-captioned adversary proceeding.

WHEREAS, on December 15, 2025, Defendants timely filed a Motion to Dismiss the First Amended Complaint (ECF No. 50) (the "Motion") in the above-captioned adversary proceeding.

WHEREAS, on March 3, 2026, the Court issued a Memorandum Opinion granting Defendants' Motion, providing Plaintiffs with leave to amend their First Amended Complaint within thirty (30) days of the Memorandum Opinion.  ECF No. 57.

WHEREAS, on March 9, 2026, Plaintiffs filed their Second Amended Class Action Complaint for Violation of the WARN Act 29 U.S.C. § 2101, Et. Seq. and Breach of Contract (ECF No. 60) (the "Second Amended Complaint") in the above-captioned adversary proceeding.

WHEREAS, on March 30, 2026, Defendants filed a Partial Motion to Dismiss the Second Amended Complaint.  ECF No. 64.

WHEREAS, Defendants have conferred with Plaintiffs and Plaintiffs have agreed to amend the case deadlines contained in the Scheduling Order by at least 100 days, with minor adjustments to the pre-trial deadlines, to allow adequate time for discovery and for Defendants to re-engage in settlement discussions.

WHEREAS, neither Party will be prejudiced by amending the deadlines in the Scheduling Order in this manner, as all remaining deadlines will be amended and no trial date has been set.

IT IS THEREFORE ORDERED THAT:

The following deadlines and settings shall apply in the above referenced adversary proceeding:

1.      All discovery in this case must be completed on or before **September 10, 2026**.

2.      Dispositive motions may not be filed after **September 17, 2026**.  Any responses to dispositive motions must be filed within 21 days after a dispositive motion is filed.

3.      Witness and Exhibit Lists must be exchanged at least 2 working days prior to the face-to-face meeting required in the following paragraph.  Copies of the exhibits shall be attached to the Exhibit List.

4.      Counsel must meet face to face to attempt to resolve these issues amicably, to attempt to stipulate to as many facts and issues as possible, and to prepare the pretrial order.  This face-to-face meeting must occur prior to **October 15, 2026**.  The court intends that this will be a substantive, good faith effort to resolve issues.  Therefore, trial counsel (lead counsel) are required to attend this meeting in person.  Counsel who are not present at this meeting may not be permitted to participate in the trial.

5.      The parties must jointly prepare and file a proposed form of pretrial order not later than **October 22, 2026**.  The proposed form of order must be signed by counsel for both parties and must be in the form set forth as Appendix C on the Court's website.

6.      Copies of exhibits must be attached to the pretrial order.  Relevant portions of lengthy exhibits must be highlighted. Counsel must also attach succinct memoranda on disputed issues of law.

7.      The Pre-Trial Conference will be held on **November 25, 2026**, at 11:00 am Central.  Attendance by all parties is required, either in proper person (if not represented by counsel) or by

an attorney who has authority to bind the party. Each party must have a representative present with full settlement authority.

8.      Trial of this adversary proceeding will be established at the pretrial conference.


SIGNED _____, 2026


ALFREDO R. PÉREZ
UNITED STATES BANKRUPTCY JUDGE

AGREED AS TO FORM AND SUBSTANCE BY:


/s/ *Jason G. Cohen*
**BRACEWELL LLP**
Jason G. Cohen (TX Bar No. 24050435)
Brian Patterson (TX Bar No. 24042974)
711 Louisiana Street, Suite 2300
Houston, Texas 77002
Telephone:      (713) 223-2300
Facsimile:      (800) 404-3970
Email:  jason.cohen@bracewell.com
          brian.patterson@bracewell.com

*Special Counsel to the Creditor Trustee*


/s/ *Jack A. Raisner*

| | |
|---|---|
| **RAISNER ROUPINIAN LLP** | **HAWASH CICACK & GASTON LLP** |
| Jack A. Raisner (*pro hac vice*) | Walter J. Cicack |
| René S. Roupinian (*pro hac vice*) | |
| 270 Madison Avenue, Suite 1801 | 2118 Smith Street |
| New York, New York 10016 | Houston, Texas 77002 |
| Telephone:      (212) 221-1747 | Telephone:      (713) 658-9003 |
| Facsimile:      (212) 221-1747 | Facsimile:      (713) 658-9003 |
| Email:      rsr@raisnerroupinian.com | Email:      wcicack@hcgllp.com |
|          jar@raisnerroupinian.com | |
| | |
| *Attorneys for Plaintiffs and the putative class* | *Attorneys for Plaintiffs and the putative class* |